# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARY TAYLOR,**

              **Plaintiff,**

**-vs-**                                                **Case No. 6:12-cv-519-Orl-22KRS**

**PREMIER DEBT SOLUTIONS, LLC.,**

              **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 10)**
>
> **FILED:**      August 13, 2012

## I. PROCEDURAL HISTORY.

Plaintiff, Mary Taylor, filed a complaint against Defendant, Premier Debt Solutions, LLC ("Premier"), on April 5, 2012, alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*[1] [Doc. No. 1].[2] Taylor served Premier with a copy of the Complaint and a summons on

---

[1] Taylor's Complaint also included a request for declaratory judgment [Doc. No. 1 ¶¶ 37-52] and a count for "Recovery of Unpaid Wages (State Law)," citing Fla. Stat. § 448.08 as a basis for recovering costs and attorneys' fees. [Doc. No. 1 ¶¶ 32-36]. Taylor's motion for default judgment does not address either of these claims, and she does not seek any relief beyond that afforded by the FLSA. Accordingly, Taylor has abandoned these claims, and the Court need not consider them in connection with her motion for default judgment.

[2] Taylor filed the Complaint on behalf of herself and others similarly situated. No other individuals filed consents to join the case.

May 21, 2012. [Doc. No. 10-1]. Premier failed to respond, and the Clerk entered default against Premier on July 3, 2012. [Doc. No. 9].

On August 13, 2012, Taylor filed a Motion for Entry of Default Final Judgment. [Doc. No. 10]. The motion seeks a judgment against Premier for a total of $8,232.44, which represents $3,878.72 in unpaid minimum wages and overtime compensation, an equal amount in liquidated damages, and $475.00 in costs for the filing fee and service of process costs. [*Id.* at 6-8; Doc. 10-1; Doc. 10-2]. Taylor attached an affidavit to her motion wherein she calculates the amount of overtime wages, minimum wages, and liquidated damages owed by Premier. [Doc. 10-1]. Taylor's attorney attached an affidavit to Taylor's motion, wherein he calculates the amount of taxable costs. [Doc. 10-2]. Taylor served Premier with the motion, but Premier failed to file an opposition. Accordingly, Taylor's motion is now ripe for ruling.

## II.   FACTS ALLEGED IN COMPLAINT.

Taylor alleges that Premier is a Florida Limited Liability Company that operates and conducts its debt consolidation and consultation business in Orange County, Florida. [Doc. 1 ¶¶ 2, 12]. She alleges that she was employed by Premier from approximately May 2010 to October 2010 as an in-bound sales representative. [*Id.* ¶¶ 13-14]. She alleges that she was individually engaged in commerce in that she used the telephone to accept calls from customers and communicate with banks, credit card companies, and other financial institutions located outside of Florida as a regular part of her job duties. [*Id.* ¶ 10]. She also alleges that Premier was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it "has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as computer and electronic equipment, office supplies and

telephones." [*Id.* ¶ 9]. She alleges that, at all material times, Premier had an annual gross volume of sales made or business done of not less than $500,000.00, exclusive of excise taxes at the retail level which are separately stated. [*Id.* ¶ 11].

Taylor alleges that she was entitled to be paid at one-and-a-half times her regular hourly rate for all hours worked in excess of forty hours per work week. [*Id.* ¶ 21]. She alleges that she worked overtime hours but was not paid at one-and-a-half times her regular hourly rate for those hours. [*Id.*]. Instead, she alleges, she was paid on a "draw versus commission" pay method without regard to the number of hours actually worked. [*Id.* ¶ 22]. Taylor alleges that Premier intentionally and willfully violated the FLSA by failing to pay her at one-and-a-half times her regular hourly rate for overtime hours. [*Id.* ¶¶ 23-24].

Taylor also alleges that she was entitled to be paid the minimum wage for each hour worked during her employment with Premier. [*Id.* ¶ 27]. She alleges that she has demanded proper compensation for one or more weeks of work with Premier, but Premier has refused or failed to compensate her properly. As a result, she alleges, she has not been paid the minimum wage for each hour she worked during one or more weeks of employment with Premier. [*Id.* ¶ 28]. Taylor alleges that Premier willfully failed to pay her the minimum wage for one or more weeks of work, in violation of the FLSA. [*Id.* ¶ 30].

## III.   APPLICABLE LAW.

A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). "[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment cannot stand on a complaint that fails to state a claim.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

"Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 135 S.Ct. 1702 (2012). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Id.* (citing *Iqbal*, 129 S. Ct. at 1950; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007)). "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Id.* at 1261 (quoting *Twombly*, 550 U.S. at 570).

## IV. ANALYSIS.

### A. Liability on FLSA Claims.

To establish a claim for payment of overtime compensation or minimum wages under the FLSA, Taylor must establish the following: (1) she was employed by Premier during the time period involved; (2) she was engaged in commerce or production of goods for commerce, or employed by an enterprise engaged in commerce or in the production of goods for commerce; and (3) Premier failed to pay the overtime compensation and minimum wage required by law. 29 U.S.C. §§ 206(a)(1), 207(a)(1). *See also* Eleventh Circuit Pattern Jury Instructions-Civil 1.7.1 (2005).

Taylor alleged that she was employed by Premier from May through October 2010. By defaulting, Premier admits this allegation, thereby meeting the first element.

With respect to FLSA coverage, Taylor must show either "(i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage), or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise

coverage)." *De Lotta v. Dezenzo's Italian Rest., Inc.,* No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at * 2 (M.D. Fla. Nov. 24, 2009) (citing *Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d 1374, 1378 (S.D. Fla. 2009)). For an employee claiming individual coverage to be "engaged in commerce" under the FLSA, he or she:

> must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Id.* (citing *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). Taylor alleges that she used the telephone to accept calls from customers and communicate with banks, credit card companies, and other financial institutions located outside of Florida as a regular part of her job duties. [Doc. No. 1 ¶ 10]. By defaulting, Premier admits these allegations, thereby admitting that Taylor was individually covered by the FLSA, which meets the second element for FLSA liability. *See Thorne*, 448 F.3d at 1266 (giving regular and recurrent use of interstate telephone as example of an individual being "engaged in commerce"). Because Taylor has established individual coverage under the FLSA, the Court need not consider whether Taylor has also established enterprise coverage.

Finally, Taylor alleges that Premier failed to pay her minimum wages and overtime compensation as required by the FLSA. By defaulting, Premier admits these allegations, thereby meeting the third element and establishing that Premier is liable to pay Taylor minimum wages and overtime compensation that she is owed for her work.

    **B.    Damages on FLSA Claims.**

        1.    <u>Minimum Wage and Overtime Compensation</u>.

Taylor relies on an affidavit to establish the compensation due her under the FLSA, which is sufficient to allow the Court to enter a default judgment. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)) (damages may be awarded in a default judgment if the record adequately reflects the basis of award via a hearing or a demonstration by detailed affidavits establishing the necessary facts).  In addition, "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes. . .an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 683-84 (1946), *superseded by statute on other grounds*, 29 U.S.C. §§ 251-262.  Because Premier has defaulted, Taylor's affidavit is sufficient evidence to show the amount and extent of the work she performed and provides an adequate basis for calculating her damages.

In her affidavit, Taylor states that she was employed by Premier from May 2010 through October 2010. [Doc. No. 10-1 ¶ 4]. Pursuant to 29 U.S.C. § 206(a)(1), Taylor was entitled to be paid not less than the federal minimum wage rate of $7.25 for all hours worked.[3]  Pursuant to 29 U.S.C. § 207(a)(1), she was also entitled to be paid one-and-a-half times her regular hourly rate for all hours worked in excess of forty hours per workweek. Taylor states that she was not paid at all for her first four weeks of employment and that she worked approximately 46.5 hours per week during that time. [*Id.* ¶ 6]. Thus, she was entitled to be paid $290.00 for her first forty hours of work ($7.25 multiplied by 40 hours) in each week, and $70.72 for her additional 6.5 hours of work in each week (paid at a

---

[3] The federal minimum wage from May 2010 through October 2010 was $7.25 per hour. 29 U.S.C. § 206(a)(1)(C).

rate of $10.88 per hour, which is $7.25 multiplied by 1.5), for a total of $360.72 per week or $1,442.88 for the four-week period for which she received no wages.

Taylor's affidavit states that, for the twenty-two remaining weeks of her employment with Premier, she was paid $250.00 per week and that she worked approximately 46.5 hours in each of those weeks. As explained above, Taylor was entitled to be paid $360.72 for each week in which she worked 46.5 hours. Because she was paid only $250 per week, her damages are $110.72 ($360.72 minus $250.00) per week, or $2,435.84 for the twenty-two-week period. [*Id.* ¶¶ 6, 8]. When added to her damages for her initial four-week period of employment, Taylor is owed $3,878.72 for unpaid minimum wages and overtime compensation.

### 2. Liquidated Damages.

Under the FLSA, liquidated damages are mandatory absent a showing by the employer that it acted in good faith and that it had reasonable grounds to believe that its actions did not violate FLSA overtime provisions. *See, e.g.*, *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1573 (11th Cir. 1988). Taylor's Complaint alleges that Premier acted willfully in failing to pay her the statutorily required minimum wages and overtime compensation. By defaulting, Premier admits this allegation. When, as here, a defendant has not presented a defense that its failure to pay overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to the amount of the employee's unpaid minimum wages and overtime compensation. 29 U.S.C. §§ 216(b), 260. Accordingly, Premier is liable to pay Taylor $3,878.72, the amount of unpaid minimum wages and overtime compensation owed to her, as liquidated damages.

Therefore, Premier is liable for damages in the amount of $7,757.44 ($3,878.72 unpaid minimum wages and overtime compensation plus $3,878.72 liquidated damages).

       3.    <u>Costs</u>.[4]

Federal Rule of Civil Procedure 54(d) provides that costs other than attorneys' fees "should be allowed to the prevailing party," unless a federal statute, the federal rules, or a court order provides otherwise. In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation of such costs. Taylor seeks costs in the amount of $475.00, representing $350.00 for the filing fee and $125.00 for costs of service of process. [<u>Doc. No. 10-2</u> ¶ 2]. The filing fee and the costs of service of process are allowable under the statutes to the extent reasonable. *See* 28 U.S.C. § 1920; *EEOC v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). Accordingly, it is recommended that the Court find that the total costs sought ($475.00) are recoverable.

## V. RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1.    **GRANT** Taylor's Motion for Entry of Default Final Judgment [<u>Doc. No. 10</u>];

2.    **ORDER** Premier Debt Solutions, LLC, to pay Mary Taylor damages in the amount of $8,232.44[5]; and

---

[4] The FLSA allows for recovery of attorneys' fees in addition to any judgment awarded to the plaintiff, 29 U.S.C. § 216(b), but Taylor does not request any attorneys' fees in her motion. [<u>Doc. No. 10</u> at 7].

[5] This figure is computed as follows: unpaid minimum wages and overtime compensation ($3,878.72) + liquidated damages ($3,878.72) + costs ($475.00) = $8,232.44.

    3.      **DIRECT** the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 20, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy